# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GUY McGOWAN,

      Plaintiff,

v.                                  CIVIL ACTION NO. 1:08cv113
                                       (Judge Keeley)

PRIME CARE MEDICAL INC.,

      Defendant.

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this action against the above-named defendant on May 13, 2008 complaining of inadequate medical care that he has received at the Eastern Regional Jail. More specifically, the plaintiff asserts that when he was arrested on February 18, 2008, a physical encounter took place which resulted in physical injuries to him, and he remains in constant pain on the right side of his collar bone, right shoulder, and right thumb. The plaintiff further alleges that he made medical personnel at the Eastern Regional Jail aware of his injuries, but they waited forty-five days to take x-rays. He alleges that those x-rays indicate that his right hand, right thumb, and right shoulder have fractures and that he has a hiatal hernia requiring surgery. Thereafter, the complaint alleges that the plaintiff was transported to the Emergency Room at City Hospital in Martinsburg, where he received emergency treatment and was released back to the jail with instructions to get surgery as soon as he was released from jail. Because he is uncertain of any possible release date, the plaintiff is "asking this court to issue a Writt [sic], ordering E.R.J. and Prime Care Medical Inc., to take all recommended medical steps to correct his medical issues." This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e) and 1915A.

## I. STANDARD OF REVIEW

Because plaintiff is a prisoner, the Court must review the complaint to determine whether is it frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327.

**II. ANALYSIS**

Although not specifically articulated, a liberal reading of the plaintiff's complaint indicates that he may be attempting to state a claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). However, it is clear that Prime Care

2

Medical, Inc., is not a "person" for purposes of 42 U.S.C. § 1983 and this case should be dismissed with prejudice. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989)(claims under § 1983 are directed at 'persons" therefore, a jail, or the like, is not amendable to suit.

## III. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED: June 11, 2008

                                          /s/ James E. Seibert
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE