IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GUY McGOWAN,**

    **Plaintiff,**

  v.                      CIVIL ACTION NO. 1:08CV113
                            (Judge Keeley)

**PRIME CARE MEDICAL INC.,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 13, 2008, the pro se plaintiff, Guy McGowan ("McGowan"), filed a complaint pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge James E. Seibert for review.

On June 11, 2008, Magistrate Judge Seibert issued a Report and Recommendation ("R&R") that recommended dismissal of the case with prejudice for failure to state a claim. On June 23, 2008, McGowan filed objections to the R&R.[1]

This Court reviews objections de novo but may adopt any part of the R&R to which McGowan does not object without substantive

---

[1] Although titled as a "Memorandum in Support," the Court liberally construes the document as a stating objections to the R&R.

review.[2] Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

Upon de novo review, the Court finds that Magistrate Judge Seibert correctly applied the applicable legal standard when he determined that McGowan fails to state a claim under 42 U.S.C. § 1983 because a § 1983 action may only be brought against a natural person, not a corporation. See Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

Consequently, this Court **ADOPTS** the R&R and **DISMISSES** this case **WITH PREJUDICE**. The Clerk is ordered to **STRIKE** this case from this Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, the defendant and all appropriate agencies.

Dated: July 2 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] McGowan's failure to object to any part of the Report and Recommendation not only waives the appellate rights on that issue, but also relieves the Court of any obligation to conduct a de novo review of the issue. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).